[Civ. No. 2586. First Appellate District, Division One.—November 26, 1918.]

PEOPLE'S WATER COMPANY (a Corporation), Respondent, v. ALBERT H. SWEET et al., Appellants.

APPEAL—ABSENCE OF EVIDENCE FROM RECORD—FINDINGS CONCLUSIVE.— Where the record on appeal contains none of the evidence, the findings are conclusively presumed to be supported by the evidence.

APPEAL from a judgment of the Superior Court of Contra Costa County. A. B. McKenzie, Judge.

The facts are stated in the opinion of the court.

T. F. Bachelder and O. F. Meldon, for Appellants.

Tom M. Bradley and Harry E. Leach, for Respondent.

LENNON, P. J.—The plaintiff brought this action in ejectment to recover from the defendants possession of a tract of land situate in the county of Contra Costa, alleging that on January 1, 1914, it was the owner thereof and entitled to its possession, but that the defendants Albert H. Sweet and his wife Leona J. Sweet, believing said land to be part of the public domain of the United States, had theretofore entered thereon, and at said date were in possession thereof. Said defendants answered, setting up various facts, among others, that the land in controversy had originally been part of a Mexican land grant; that at a certain date stated in the complaint one Joseph Naphtaly was entitled to purchase it from the United States but had failed to do so, and that it had thereupon become unoccupied public land of the United States, and as such open to homestead entry; that said defendants had lawfully and regularly entered thereon.

A trial of the cause being had, the court found that the land was a part of a United States grant to the Western Pacific Railroad Company; that by the consolidation and amalgamation of said railroad company with the Central Pacific Railroad Company the latter succeeded to the rights and estate of said first-named corporation in said lands; and that after the commencement of this action said Central Pacific Railroad Company had received from the United States a patent thereto, and that by mesne conveyances the plaintiff, prior to the commencement of the action, had succeeded to said company's rights. As to the allegations of the answer upon which said defendants based their claim of title, the court found some of them to be true and others untrue, culminating in the finding that neither of said defendants is entitled to any right, title, or interest in and to said land, nor had they ever acquired any right, or estate against said plaintiff or its predecessors by adverse possession or otherwise. Judgment was accordingly entered in favor of plaintiff.

The defendants have appealed, making the contention that the findings of the court in plaintiff's favor are against the evidence, but have brought to this court no record containing any of the evidence taken at the trial. In that situation it is, of course, impossible for this court to know if the contention of the appellants is well or ill founded. As has been said by appellate courts many times, the burden is upon the appellant to show error; and in the absence of a record of the evidence the findings of the court are conclusively presumed to be supported by the evidence taken at the trial. It is not necessary to cite authorities to this effect. The state of the record in this case requires the affirmance of the judgment and order from which the appeal is taken. It is so ordered.

Beasly, J., *pro tem.*, and Sturtevant, J., *pro tem.*, concurred.